### 4996.   MORGAN *v.* CITY OF CEDARTOWN.

On the trial of one charged with keeping on hand intoxicating liquors for unlawful sale in violation of a municipal ordinance, a prima facie case against the accused is made by proof that he received money or other thing of value and furnished intoxicating liquor in consideration thereof. In order to rebut the prima facie case thus made, the accused must show that he was acting solely as agent for the purchaser and did not participate in any way in the illegal sale. A conviction is warranted under evidence which authorizes a finding that the defense interposed by the accused is merely a subterfuge, and that he was either the seller or was interested in the sale otherwise than as agent for the purchaser. *Cheatwood* v. *Buchanan,* 9 *Ga. App.* 828 (72 S. E. 284).
DECIDED JULY 22, 1913.

Certiorari; from Polk superior court—Judge Price Edwards. November 11, 1912.

*W. W. Mundy,* for plaintiff in error.   *W. G. England Jr.,* contra.

POTTLE, J.   The accused conducted a restaurant. Application was made to him for the sale of intoxicating liquor. He replied

that he did not know where any could be purchased, but shortly thereafter handed the applicant a piece of paper on which was written, "If you will give me the money, may be I can turn a trick for you." Thereupon the applicant handed him a dollar and he retired. When he returned he reported to the person who had handed him the dollar that a pint of whisky might be found in the rear of the restaurant by the side of a sugar barrel. It was subsequently found there and appropriated by the purchaser.

In reply to the prima facie case thus made, the accused offered evidence that he gave the purchaser's dollar to a negro, whose name was not disclosed, and who went away after the whisky. Under this state of facts the magistrate was authorized to find that the negro was the agent of the accused. The magistrate might have found that the prima facie case made by the city was rebutted, but he was not bound to do so. In order to exculpate himself, an intermediary in a sale of intoxicating liquor, who procures it for another, must disclose the real seller and acquit himself of any guilty connection with the sale. The negro may have been the agent of the accused. There may have been collusion between them and the seller, or the accused may have been the seller and the negro a mere intermediary. Apparently the accused was a party to the sale, and it was incumbent upon him to show that he had no connection with the illegal transaction. The showing made by him was not such as to demand a finding in his favor, and the judgment against him must be             *Affirmed.*